GERALD TAYLOR *v*. STATE OF INDIANA.

[No. 3-1272A98. Filed July 5, 1973.]

*John P. Forhan, DiGrazia and Forhan,* of South Bend, *Thomas DiGrazia,* of South Bend, *Dennis Flanagan,* Legal Intern, of South Bend, for appellant.

*Theodore L. Sendak,* Attorney General, *John H. Meyers,* Deputy Attorney General, for appellee.

SHARP, J.—On June 26, 1972, the Appellant, Gerald Taylor, was charged by way of affidavit of the offense of vagrancy under IC 1971, 35-1-110-2, Ind. Ann. Stat. § 10-4602 (Burns 1956). On June 26, 1972, the Appellant appeared in person

before the trial court, waived arraignment and counsel, and pleaded guilty. Upon this plea of guilty the trial court sentenced the Appellant to a fine of $50.00 and costs.

On July 18, 1972, the Appellant filed a Petition for Post-Conviction Relief upon which a hearing was held July 26, 1972 and the relief requested in said petition was denied by the trial court. The Appellant subsequently filed and the trial court overruled a Motion to Correct Errors.

The question which we will consider, raised in the Petition for Post-Conviction Relief and preserved through the Motion to Correct Errors and argued here, relates to the voluntariness of the plea of guilty in this case. The record of the proceedings in this case relating to the plea of guilty is in the form of an affidavit from the trial judge, which affidavit, absent formal parts, reads as follows:

"(1) That he was the judge presiding at the arraignment and entry of plea of the defendant, Gerald Taylor, in the above named cause, in the St. Joseph Superior Court, Division IV, on June 26, 1972.

(2) That at some time on June 26, 1972 shortly prior to the arraignment of the said defendant, a copy of the sample form attached hereto and made a part of this affidavit by reference and marked Exhibit A was given to the defendant, Gerald Taylor.

(3) That a copy of said form marked Exhibit A is presented to each and every defendant who appears before the court in Division IV of the St. Joseph Superior Court and that it is standard procedure to require each and every defendant to read, fill out, and return said form.

(4) That said forms are retained by Division IV of the St. Joseph Superior Court, and are kept by the Court clerk as part of the permanent record of each and every defendant who appears before said Division.

(5) That I recall that the defendant, Gerald Taylor, filled out a copy of the sample form, attached hereto and marked Exhibit A, signed it, and returned it.

(6) That I have been informed by the Clerk of the St. Joseph Superior Court, that the form which, I can recall the defendant, Gerald Taylor, having filled out and signed is not located with the records of said defendant's case, and is thus assumed to be lost or mislaid.

(7) That apart from the above mentioned missing form the record of the proceedings of the above entitled cause is otherwise complete and accurate."

The Appellant was provided with a one page sheet of paper with information on both sides and a signature line on the front which explains in some detail the procedure and traffic offenses, the penalty in certain traffic offenses and also provides information on other offenses as follows:

"3. Maximum penalties for offenses other than traffic:

a. Assault—$500 and 6 months
b. Assault & Battery—$1,000 and 6 months
c. Dangerous drugs—for first offense possession of not more than 25 grams cannibus sativa or 5 grams of hashish $500 and 30 days to 1 year; second offense is $3,000 and 2 to 15 years; all others $1,000 and 1 to 10 years
d. Dangerous weapon offenses—aiming $500; other $500 and 6 months
e. Disorderly conduct—$500 and 6 months
f. Malicious trespass—$5 to $150 or 12 months
g. Public indecency—$5 to $100 and 6 months
h. Public intoxication—$1 to $150 and 6 months
i. Prostitution—$200 to $500 and 180 days or 2 to 5 years
j. Resisting arrest or interfering with police officer—$100 and 6 months; fleeing PO—$500 and 6 months
k. Shoplifting (less than $100 value)—$500 and 1 year or 1 to 5 years and disfranchising
l. Theft of labor, service or use of property—$500 and 1 year
m. Theft of property ($100)—$5,000 and 1 to 10 years and disfranchising
n. Theft, unauthorized control over vehicle (joy riding) $500 and 1 year for first offense"

It should be noted that the offense with which the defendant is charged here is not included in the above list of offenses. In addition the Appellant was provided with a second written sheet, the full text of which is as follows:

"Good morning Ladies and Gentlemen—This is the St. Joseph Superior Court.

Whenever any person is charged with an offense they have certain rights and you have those rights also. Included in those rights are:

1. The right to plead guilty or not guilty to the offense with which you are charged.

2. The right to have that charge explained to you if you do not understand it.

3. The right to be represented by a lawyer before you say anything, and anything you say may be used against you. If you need additional time to hire a lawyer the court will grant that time to you. If you cannot afford a lawyer, and your case warrants, the court will appoint one for you at public expense.

4. You have the right to trial, either by court or by jury, and the right to be confronted by your accusers. By a plea of guilty you waive your right to a trial by jury. In the event of trial, you have the right to have process issued by the court, without expense to you, to compel the attendance of witnesses in your behalf and the right to testify or not to testify on your own behalf.

5. If anyone has made any promises of threats to induce the plea which you are making, report it promptly to the judge. In other words, your plea must be voluntary.

6. If you are on probation or parole or are an alien a plea of guilty might have additional adverse affects [sic] upon you which you should consider.

7. If aggrieved by the judgment of this court, you have the right of appeal."

The record in this case is completely void of any showing whatsoever that the defendant was advised by the trial court as to the nature of this particular crime and as to the punishment for this particular crime.

The basic mandate under the Constitution of the United States as interpreted by the Supreme Court of the United States and under both the State and Federal Constitutions as interpreted in the recent decisions of the Supreme Court of Indiana is that a trial court must determine that a plea of guilty is "knowingly, intelligently, voluntarily and willingly entered."

It is also well established that a silent record can not be the basis of finding a knowing, intelligent, voluntary and willing entry of a plea of guilty. See *Boykin* v. *Alabama* (1969), 395 U.S. 238.

Recently, our Indiana Supreme Court and this court have considered this question in some detail. See *Brimhall* v. *State* (1972), 258 Ind. 153, 279 N.E.2d 557; and *Lovera* v. *State* (1972), 152 Ind. App. 377, 283 N.E.2d 795.

The record in this case with reference to the receipt of the plea of guilty of the Appellant to this offense does not meet the basic minimum requirements of *Boykin-Brimhall-Lovera* and therefore the receipt of the guilty plea was improvident and erroneous.

We do not here state the trial courts exercising criminal jurisdiction cannot make use of form written material as a preliminary aid in advising those charged with crime with reference to their constitutional right. No doubt such instructional materials may serve a proper and useful purpose in that process. It is still incumbent that a trial judge satisfy himself as to each defendant before him with reference to all of the matters concerned in determining whether a plea of guilty is knowingly, intelligently, voluntarily and willingly entered.

Therefore, this case should be and hereby is reversed and remanded to the trial court with instructions to grant Appellant's Petition for Post-Conviction Relief by setting aside the entry of the Appellant's plea of guilty and for all other proper relief consistent with this opinion.

Reversed and remanded.

Hoffman, C.J. and Staton, J., concur.

NOTE.—Reported at 297 N.E.2d 896.