DENNIS GEORGE CRAIN *v.* STATE OF INDIANA.

[No. 1272S195. Filed October 17, 1973.]

*Leo J. Lamberson,* St. Joseph County Public Defender, South Bend, for appellant.

*Theodore L. Sendak,* Attorney General, *Darrel K. Diamond,* Deputy Attorney General, for appellee.

DEBRULER, J.—This is an attempted direct appeal from a denial of appellant's motion to correct errors submitted to the LaPorte Circuit Court, Honorable Alban M. Smith presiding. The record in this case indicates that on May 6, 1971, appellant was indicted for the offense of first degree murder. Appellant first entered a plea of not guilty to the charge, but on April 11, 1972, he withdrew this plea and entered a plea of guilty to second degree murder. Appellant was subsequently sentenced to life imprisonment.

On July 18, 1972, appellant filed a motion to correct errors alleging that the sentence imposed was cruel and unusual punishment, that he understood that he would get a lesser sentence than the one imposed, that he did not knowingly waive his various constitutional rights and that the trial court's sentence indicated a refusal to give adequate consideration to his alleged lack of criminal intent at the time of the offense.

As the State points out in their brief, however, these issues are not properly before us and we cannot therefore resolve

them on their merits. It has been consistently held by this Court that a motion to correct errors is not the proper procedural method for challenging a plea of guilty. *Pritchard* v. *State* (1965), 246 Ind. 671, 210 N. E. 2d 372; *Snow* v. *State* (1963), 245 Ind. 423, 199 N. E. 2d 468. The proper method is the filing of a petition for post-conviction relief under PC. Rule 1. *Lockhart* v. *State* (1971), 257 Ind. 349, 274 N. E. 2d 523; *Grimes* v. *State* (1972), 258 Ind. 257, 278 N. E. 2d 271.

This holding goes beyond the mere technical considerations of a misnamed motion. Rather the type and extent of evidentiary hearing afforded at a post-conviction proceeding is much broader than a hearing on a motion to correct errors and specifically designed to allow appellant an opportunity to establish the factual assertions he makes concerning his guilty plea. The hearing on appellant's motion to correct errors, on the other hand, consisted solely of his counsel and the prosecutor making oral arguments to the trial court and therefore failed to afford him the opportunity to introduce evidence and establish those facts critical to his contentions.

Appellant's appeal on his motion to correct errors is therefore dismissed without prejudice to his right to raise these issues in a subsequent post-conviction proceeding if he so chooses.

Arterburn, C.J., Givan, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 301 N. E. 2d 751.