ROBERT "BOB" GOODE *v.* STATE OF INDIANA.

[No. 3-373A29.   Filed June 11, 1974.]

*Jack Murray,* of Knox, *Carl M. Franceschini,* of LaPorte, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

## I.

### STATEMENT ON THE APPEAL

STATON, J.—Robert Goode's plea of guilty to the charge of assault and battery was perfunctorily accepted by the trial court.[1] Goode had entered his plea of guilty in reliance upon a plea bargaining arrangement with the State. Later, at the time of sentencing, the trial court refused to accept the State's recommendation that Goode be fined $500.00 and be given a sixty (60) day suspended sentence. Goode received a fine of $500.00 and was sentenced to a term of sixty (60) days on the Indiana State Farm.

Goode filed his motion to correct errors together with his affidavit and the affidavit of the prosecuting attorney. These affidavits explained the plea bargaining arrangement between Goode and the State. Goode further requested that he be permitted to withdraw his guilty plea. The motion to correct errors was denied by the trial court.

Our opinion recognizes the apparent procedural impasse presented: the filing of a motion to correct errors instead of a petition for post-conviction relief; but the record reveals a fundamental plain error which cannot be ignored by this court on appeal. The guilty plea was accepted without any determination that it was entered voluntarily, knowingly and understandingly. We reverse.

## II.

### STATEMENT OF THE FACTS

In a probable cause affidavit dated June 29, 1972, Bronko Mijatovich alleged that Robert Goode and another man had assaulted and beaten him two days earlier while Mijatovich was patronizing Goode's tavern in Knox, Indiana. An affidavit was issued charging Goode with the crime of aggravated assault and battery.

Prior to his scheduled arraignment, Goode entered into plea negotiations with the State. A bargain was struck. Goode

---

1. See IC 1971, 35-1-54-4; Ind. Ann. Stat. § 10-403 (Burns Supp. 1973.)

would be allowed to plead guilty to the lesser included offense of assault and battery; provided, he paid Mijatovich's medical bills and sold his interest in the tavern. In return, the State would not object to the plea and further would recommend a fine of $500.00 and a suspended sentence of sixty (60) days. Goode paid Mijatovich's medical bills and sold his interest in the tavern.

Goode waived formal arraignment and entered his plea of guilty to the charge of assault and battery. No objection was made by the State. This plea was accepted by the trial court. At sentencing, the State made the agreed recommendations, which the trial court refused to accept. No inquiry was made into the plea bargaining arrangement. Goode was fined $500.00 and sentenced to sixty (60) days on the Indiana State Farm.

Goode filed his motion to correct errors which requested that his sentence be vacated and that he be allowed to withdraw his plea of guilty.[2] Goode filed his affidavit and that of the prosecuting attorney to supplement his motion to correct errors. These affidavits set forth the complete bargaining arrangement. The trial court denied the motion to correct errors and Goode appealed.

## III.
### STATEMENT OF THE ISSUE

The sole issue presented by this appeal is:

Did the trial court commit fundamental constitutional error in its acceptance of Robert Goode's plea of guilty?

In our opinion below, we conclude that this question must be answered in the affirmative. We reverse.

---

2. As explained in the text of this opinion, the mode chosen by Goode to attack the trial court's action in failing to abide by the plea bargain struck with the State is procedurally defective. Nevertheless, we direct the reader's attention to the following cases which would otherwise be applicable. *Dube* v. *State* (1971), 257 Ind. 398, 275 N.E.2d 7 and *Watson* v. *State* (1973), 261 Ind. 97, 300 N.E.2d 354.

## IV.

## STATEMENT ON THE LAW

The Supreme Court of the United States and the appellate courts of this State have affirmatively recognized the importance of plea negotiations in our criminal justice system and the need for their effective enforcement. *Santobello* v. *New York* (1971), 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427; *Dube* v. *State* (1971), 257 Ind. 398, 275 N.E.2d 7; *Watson* v. *State* (1973), 261 Ind. 97, 300 N.E.2d 354; *Moulder* v. *State* (1972), 154 Ind. App. 248, 289 N.E.2d 522. Although the withdrawal of a guilty plea rests within the sound discretion of the trial court, an affirmative duty exists to determine that the guilty plea is voluntarily, knowingly and understandingly made. *Watson* v. *State* and *Dube* v. *State, supra.* Goode has chosen an improper procedural attack—a motion to correct errors. Our Supreme Court has recently defined the correct procedure in *Crain* v. *State* (1973), 261 Ind. 272, 301 N.E.2d 751:

> ". . . It has been consistently held by this Court that a motion to correct errors is not the proper procedural method for challenging a plea of guilty. . . . The proper method is the filing of a petition for post-conviction relief under P.C. Rule 1. . . ."

Goode's constitutional rights have clearly been violated. *Snow* v. *State* (1963), 245 Ind. 423, 428, 195 N.E.2d 468. ". . . [A] court of review cannot ignore a fundamental error which is apparent on the face of the record. . . ." *Kleinrichert* v. *State* (1973), 260 Ind. 537, 297 N.E.2d 822, 826.

The entire inquiry conducted by the trial court at the entry of Goode's guilty plea is as follows:

> "THE COURT: . . . [Let] [t]he record show that the Court accepts the defendant's plea, strike that. Now, Mr. Goode, have you had time to discuss this with your attorney, have you?
> "MR. GOODE: Yes, I have, Your Honor.
> "THE COURT: And he's advised you of your constitutional rights, you could have a jury trial and all these things, if you wanted it?

"MR. GOODE: Yes, he has.

"THE COURT: Now if you plead guilty, you're saying to me that you did strike Bronko Mijatovich by hitting and kicking him about the head and face, is that correct?

"MR. GOODE: Yes, Your Honor.

"THE COURT: Then you may be seated. Then let the record show that the Court accepts the defendant's plea of guilty, . . ."

A review of the applicable case law concerning the acceptance of guilty pleas clearly indicates that the efforts of the trial court here were constitutionally deficient.

As noted by the United States Supreme Court:

". . . A guilty plea is a grave and solemn act to be accepted only with care and discernment. . . ." *Brady* v. *United States* (1970), 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747.

In *Boykin* v. *Alabama* (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, the United States Supreme Court recognized the effect of the entry of a guilty plea in state courts upon fundamental federal constitutional rights. In *Boykin,* the Court placed an affirmative duty upon state courts to insure the effective waiver of those federal rights by requiring that the record of the state court proceedings affirmatively show an in-court advisement and waiver of those rights; the waiver would not be presumed from a silent record. *Boykin* v. *Alabama, supra,* 395 U.S. at 243, 89 S.Ct. at 1712. In *Brimhall* v. *State* (1972), 258 Ind. 153, 279 N.E.2d 557, the Indiana Supreme Court placed a similar burden on the trial courts of this State concerning the waiver of state constitutional rights. In describing that burden, our Indiana Supreme Court stated:

". . . [T]he trial court has a duty to closely scrutinize the situation and be sure that the offered plea is freely and understandingly given, . . . In discharging this duty to consider and pass upon the validity of the guilty plea, the trial judge must put on the record facts which indicate the status of the plea. . . ." *Brimhall* v. *State, supra,* 279 N.E.2d at 563-564.

See also Criminal Rule 10 and *Campbell* v. *State* (1951), 229 Ind. 198, 96 N.E.2d 876. As succinctly stated by Judge Sharp, formerly of this Court:

"The basic mandate under the constitution of the United States as interpreted by the Supreme Court of the United States and under both the State and Federal Constitutions as interpreted in the recent decision of the Supreme Court of Indiana is that a trial court must determine that a plea of guilty is 'knowingly, intelligently, voluntarily and willingly entered.'" *Taylor* v. *State* (1973), 156 Ind. App. 659, 297 N.E.2d 896, 899.

A thorough discussion describing the scope of inquiry may be found in *Bonner* v. *State* (1973), 156 Ind. App. 513, 297 N.E.2d 867. The trial court's reliance upon the advisement of defense counsel does not provide an exception to this rule. Reaching a similar conclusion where the mere presence of defense counsel was asserted as sufficient, Judge Buchanan, citing *Boykin* v. *Alabama,* stated:

"Implicit in this holding is that counsel or no counsel, a waiver of an important federal constitutional right will not be presumed from a silent record." *Bonner* v. *State, supra,* 297 N.E.2d at 876.

The trial court's failure to fully advise Robert Goode of his constitutional rights and the consequences of the guilty plea is fundamental error.

## V.

### DECISION OF THE COURT

Failure to advise a defendant of his constitutional rights upon the entry of a guilty plea is fundamental error. Nothing can be presumed from a silent record or the presence of legal counsel. The trial court has a duty to make a record that will reflect its inquiry and determination to accept or refuse the guilty plea.

Therefore, the trial court's judgment denying Goode's motion to correct errors is hereby reversed with instructions

to vacate the sentence and permit Goode to withdraw his plea of guilty.

Hoffman, C.J., concurs; Garrard, J., dissents with opinion.

### DISSENTING OPINION

GARRARD, J.—While I agree with my brother's analysis that since *Boykin* v. *Alabama* (1969), 395 U.S. 238, the arraignment record must affirmatively demonstrate the in-court advisement and waiver of constitutional rights, that is not the issue before this court.

This case is before us upon the denial by the trial court of the defendant's motion to correct errors. As may be determined from the majority opinion, the motion to correct errors followed a plea of guilty entered by the defendant. The motion does not assert that the defendant was not advised of his constitutional rights but rather asserts that he was promised a "deal" by the prosecutor. Attached to the motion pursuant to the provisions of Indiana Rules of Procedure, Trial Rule 59(D) are the affidavits of the defendant and the prosecutor, and it may be noted that the prosecutor's affidavit alleges merely that the prosecutor would recommend a suspended sentence, which the record discloses was in fact done.

This same issue was recently before our Supreme Court in *Crain* v. *State* (1973), 261 Ind. 272, 301 N.E.2d 751, where after a plea of guilty the defendant Crain filed a motion to correct errors asserting that he understood he would get a lesser sentence than the one imposed and that he did not knowingly waive his various constitutional rights. In a brief and unanimous opinion our Supreme Court held that these matters are to be raised under Indiana Rules of Procedure, Post-Conviction Remedies, Rule 1; that a motion to correct errors addressed to a prior guilty plea raises nothing; and that the hearing procedures contemplated by PCR 1 provide the more appropriate forum for these matters.

While I recognize that the defendant is no doubt entitled to relief upon a properly filed PCR 1 petition raising the matters discussed by the majority, it is my belief that this is an insufficient basis for disregarding the appropriate procedural avenue. While in the case at bar the result might be rationalized for the time saved, it amounts to a further erosion of that small measure of procedural due process afforded the State of Indiana and citizenry at large in criminal proceedings. While the doctrine of fundamental error provides a sound basis for insuring the constitutional rights of one accused of crime, I believe it is improperly invoked where the proper procedural avenues to raise the issue are still available.

Accordingly, I would affirm the refusal to grant the motion to correct errors and await a proper presentation of the matters here involved.

NOTE.—Reported at 312 N.E.2d 109.