HOWARD GREEN *v.* STATE OF INDIANA.

[No. 2-1173A243. Filed August 20, 1974.]

*Stephen J. Cuthbert,* Public Defender Tippecanoe County, of Lafayette, for appellant.

*Theodore L. Sendak,* Attorney General, *Glenn A. Grampp,* Deputy Attorney General, for appellee.

SULLIVAN, P.J.—Appellant (Green) brings this direct appeal from a judgment entered upon a guilty plea. He was sentenced to from one to ten years upon the conviction for theft by deception.

Green was charged by affidavit on March 9, 1972. At arraignment, Green, with assistance of counsel, pleaded not guilty. However, on August 28, 1972, Green, again assisted by his court-appointed counsel, withdrew his plea of not guilty and entered a guilty plea. Sentencing was postponed so that Green might undergo surgery. On February 9, 1973, Green orally tendered a motion to withdraw his guilty plea and enter a plea of not guilty. The apparent motive for this motion was a breakdown in a prior "plea bargaining" arrangement. The trial court denied the motion but again delayed sentencing in order that Green might investigate

whether he qualified for treatment under a drug abuse program.

Green, on February 27, 1972, again sought to withdraw his guilty plea and to enter a plea of not guilty by reason of insanity. The court denied the motion, and sentenced Green as heretofore noted.

Both parties, on appeal, have extensively and exclusively argued the propriety of the trial court's action in denying Green's motions to withdraw his guilty plea. However, we are *compelled* to address an antecedent and fundamental error which glares obtrusively from the record. Such error, which occurred in the trial court's receipt of Green's guilty plea, cannot be ignored by this court, *Kleinrichert* v. *State* (1973), 260 Ind. 537, 297 N.E.2d 822; and requires reversal. *Goode* v. *State* (1974), 160 Ind. App. 360, 312 N.E.2d 109.

At the August 28, 1972 hearing, at which Green withdrew his not guilty plea and entered a plea of guilty, the following colloquy occurred:

"Court: Before we began these proceedings, your attorney indicated that he understood you now plan to withdraw your plea of not guilty in this matter?

Defendant: Yes Sir.

Court: Now, back in May when the arraignment occurred, I believe you informed the Court that you believed that you understood exactly what you were charged with in this affidavit, is that true?

Defendant: Yes sir.

Court: And you still feel that you understand exactly what you're charged with in this affidavit?

Defendant: Yes sir.

Court: And at that time you reported that you had conferred at some length with your lawyer and felt that you understood your rights in connection with the charge.

Defendant: Yes sir.

Court: And you felt that you were familiar with the range of penalties that could be imposed for such a charge?

Defendant: Yes sir.

Court: And do you have any question about any of these matters at this time?

Defendant: No, Your Honor.

\* \* \*

Court: We want to establish, if it is a fact, that you're going into this matter well advised and with your eyes open and that your action is voluntary, is that —

Defendant: Yes sir.

Court: pretty much the way it stands? Now, have there been any threats or promises made to you to influence your action regarding the withdrawal of your plea of not guilty here?

Defendant: No, there has not.

Court: And you feel that—that your physical condition, your mental condition is such that you fully understand what you're doing?

Defendant: Yes, I do understand.

Court: And no one is twisting your arm or fast-talking you into doing something against your will?

Defendant: No sir.

Court: Is it then fair to say that in connection with your proposal to withdraw your plea of guilty, such action would be freely and voluntarily done by you with an understanding of the charge, the penalty it carries and your rights in connection with that charge?

Defendant: Yes sir.

Court: You feel that all things considered, you're going into the matter with your eyes open and—and this is a voluntary act of yours?

Defendant: Yes, I do, Your Honor.

Court: Very well. Your plea of not guilty will be withdrawn for the purpose of entering a plea of guilty. That's what you want to do?

Defendant: Yes sir."

This court's recent decision in *Goode* v. *State, supra,* is dispositive. In *Goode,* the appellant attempted, in his motion to correct errors, to withdraw a guilty plea—the product of faulty plea bargaining—and re-enter a plea of not guilty.

The trial court overruled the motion. On appeal, this court did not address the issue of withdrawing a guilty plea, but, rather, found fundamental error in the trial court's receipt of the guilty plea.[1] The trial court's inquiry in *Goode* consisted of the following:

"THE COURT: . . . [Let] [t]he record show that the Court accepts the defendant's plea, strike that. Now, Mr. Goode, have you had time to discuss this with your attorney, have you?

MR. GOODE: Yes, I have, Your Honor.

THE COURT: And he's advised you of your constitutional rights, you could have a jury trial and all these things, if you wanted it?

MR. GOODE: Yes, he has.

THE COURT: Now if you plead guilty, you're saying to me that you did strike Bronko Mijatovich by hitting and kicking him about the head and face, is that correct?

MR. GOODE: Yes, Your Honor.

THE COURT: Then you may be seated. Then let the record show that the Court accepts the defendant's plea of guilty, . . ." 312 N.E. 2d at 111.

In approaching the sufficiency of this dialogue, as it pertains to the effective waiver of defendant's constitutional rights, the *Goode* court definitively stated:

"As noted by the United States Supreme Court:

'. . . A guilty plea is a grave and solemn act to be accepted only with care and discernment. . . .' 90 S.Ct. 1463, 25 L.Ed.2d 747.

In *Boykin* v. *Alabama* (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.E.2d 274, the United States Supreme Court recognized the effect of the entry of a guilty plea in state courts

---

1. In the instant case, we are not confronted with the factual situation which occasioned Judge Garrard's dissent in the *Goode* case. In *Goode,* the appellant first sought to withdraw his guilty plea in his motion to correct error. Here, however, the appellant twice attempted to withdraw his guilty plea *prior to sentencing.* We therefore need not express an opinion on any possible conflict between the *Goode* decision and *Crain* v. *State* (1973), 261 Ind. 272, 301 N.E.2d 751.

upon fundamental federal constitutional rights. In *Boykin,* the Court placed an affirmative duty upon state courts to insure the effective waiver of those federal rights by requiring that the record of the state court proceedings affirmatively show an in-court advisement and waiver of those rights; the waiver would not be presumed from a silent record. *Boykin* v. *Alabama, supra,* 395 U.S. at 243, 89 S.Ct. at 1712. In *Brimhall* v. *State* (1972), 258 Ind. 153, 279 N.E.2d 557, the Indiana Supreme Court placed a similar burden on the trial courts of this State concerning the waiver of state constitutional rights. In describing that burden, our Indiana Supreme Court stated:

> '. . . [T]he trial court has a duty to closely scrutinize the situation and be sure that the offered plea is freely and understandingly given, . . . . In discharging this duty to consider and pass upon the validity of the guilty plea, the trial judge must put on the record facts which indicate the status of the plea. . . .' *Brimhall* v. *State, supra,* 279 N.E.2d at 563-564.

See also Criminal Rule 10 and *Campbell* v. *State* (1951), 229 Ind. 198, 96 N.E.2d 876. As succinctly stated by Judge Sharp, formerly of this Court:

'The basic mandate under the constitution of the United States as interpreted by the Supreme Court of the United States and under both the State and Federal Constitutions as interpreted in the recent decision of the Supreme Court of Indiana is that a trial court must determine that a plea of guilty is "knowingly, intelligently, voluntarily and willingly entered." ' *Taylor* v. *State* (1973), 156 Ind. App. 659, 297 N.E.2d 896, 899." 312 N.E.2d at 111-112.

A similar waiver dialogue was expressly disapproved in *Thomas* v. *State* (1974), 159 Ind. App. 224, 306 N.E.2d 136, 137:

"Court: Mr. Thomas, you have been advised by your attorney what the problems involved in this case are, have you not?

Defendant: Yes, sir.

Court: I don't want you to come back in six months with a petition to take this up as a post conviction relief. We have had that to happen in Princeton, they have filed just recently after they pleaded guilty. You know all about your rights, do you not?

Defendant: Yes, sir.

Court:        Your attorney has so advised you, is that right?

Defendant:    Yes, sir.

Court:        On your plea of guilty, the court now finds you guilty of armed robbery. What is your age?"

The crucial factor in receiving guilty pleas is establishment of a knowing and intelligent waiver of constitutional rights by the defendant, and such waiver cannot be inferred from the record. *Brimhall* v. *State, supra; Bonner* v. *State* (1973), 156 Ind. App. 513, 297 N.E.2d 867; *Lovera* v. *State* (1972), 152 Ind. App. 377, 283 N.E.2d 795. In *Bonner* v. *State, supra,* this court, quoting from *Boykin* v. *Alabama, supra,* reiterated the scope of a valid waiver:

" 'Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. *Malloy* v. *Hogan,* 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed 2d 653. Second, is the right to trial by jury. *Duncan* v. *Louisiana,* 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491. Third, is the right to confront one's accusers. *Pointer* v. *Texas,* 380 U.S. 400, 85 S.Ct. 1065, 13 L.E.2d 923. We cannot presume a waiver of these three important federal rights from a silent record.' *Boykin* v. *Alabama, supra,* 395 U.S. at 243, 89 S.Ct. at 1712." 297 N.E.2d at 872.

In the instant case, it is patent that Green was not apprised of the fundamental constitutional rights waived upon entry of his guilty plea. We must, and do therefore, reverse the trial court's judgment, and remand the cause with instructions to vacate the judgment and to permit Green to withdraw his guilty plea.

Buchanan and White, JJ., concur.

NOTE.—Reported at 315 N.E.2d 428.