MICHAEL ROY BRANAN *v.* STATE OF INDIANA.

[No. 3-573A59. Filed September 12, 1974. Rehearing denied October 22, 1974.]

*Harriette Bailey Conn,* Public Defender of Indiana, for appellant.

*Theodore L. Sendak,* Attorney General, *Stephen M. Sherman,* Deputy Attorney General, for appellee.

STATON, J.—Michael Branan's petition for post-conviction relief was denied by the trial court. He had been charged in an affidavit with being an accessory before and after the fact to a robbery in Mishawaka, Indiana.[1] William Whitman, a St. Joseph County Public Defender, represented Branan when he entered his plea of not guilty to both charges under the affidavit. Later, Branan obtained a private counsel to represent him. Plea negotiations resulted in the charges being reduced to the lesser included offenses of accessory before and after the fact to a theft.[2] Branan entered his plea of guilty to each of the negotiated charges. The trial court perfunctorily accepted his plea. No effort was made by the trial court to advise Branan of his constitutional rights.

The State was represented by Deputy Prosecutor William Whitman at Branan's sentencing. This is the same William Whitman who had represented Branan at his arraignment and the entry of his not guilty plea. This is the same William Whitman who had met with Branan on at least two occasions outside of court to discuss the charges pending in order to prepare Branan's defense. During the sentencing proceedings, Whitman's participation was limited to the following exchange with the trial court:

"THE COURT: Mr. Whitman.

"MR. WHITMAN: I have no recommendation, sir."

Branan contends that the dual defense-state representation in the same case by Whitman represents a conflict of interest and prejudice. An attorney cannot be permitted to represent or assist the State in the prosecution of a criminal defendant whom he has previously represented in the same or in a closely related matter. See *People* v. *Curry* (1971), 1 Ill. App. 3d 87, 272 N.E.2d 669. Due

---

1. See IC 1971, 35-1-29-1; Ind. Ann. Stat. § 9-102 (Burns 1974 Supp.); IC 1971, 35-1-29-3; Ind. Ann. Stat. § 9-103 (Burns 1956) and IC 1971, 35-13-4-6; Ind. Ann. Stat. § 10-4101 (Burns 1956).
2. See IC 1971, 35-17-5-3; Ind. Ann. Stat. § 10-3030 (Burns Supp. 1974) and IC 1971, 35-17-5-12 (3); Ind. Ann. Stat. § 10-3039 (3) (Burns Supp. 1974).

process of law and the strictures of professional ethics forbid it.[3] We do not decide this question. This appeal is not being reversed upon the dual representation contention in Branan's petition. It is being reversed for a far more fundamental reason.

The trial court committed fundamental constitutional error in failing to advise Branan of his constitutional rights before accepting the plea of guilty. *Goode* v. *State* (1974), 160 Ind. App. 360, 312 N.E.2d 109. See also, *Boykin* v. *Alabama* (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274; *Brimhall* v. *State* (1972), 258 Ind. 153, 279 N.E.2d 557; *Bonner* v. *State* (1973), 156 Ind. App. 513, 297 N.E.2d 867; *Taylor* v. *State* (1973), 156 Ind. App. 659, 297 N.E.2d 896 and Indiana Rules of Procedure, Criminal Rule 10. While the function of appellate review does not encompass a calculated search of the record to discover constitutional error; nevertheless, once constitutional error is discovered while examining the transcript or is brought to the Court's attention, it can not be ignored. Fundamental constitutional guarantees are absolute and outside the discretion of any court to ignore or deny. We will not ignore such a transgression of a defendant's fundamental rights. *Kleinrichert* v. *State* (1973), 260 Ind. 537, 297 N.E.2d 822.

The judgment of the trial court should be and the same hereby is reversed with instructions to grant Michael Branan's motion to withdraw his plea of guilty.

Garrard, J., concurs; Hoffman, C.J., dissents with opinion.

---

3. Constitutional due process of law assures a criminal defendant the right to a fair trial. The essential elements of that right prohibit the allowance of an unfair advantage to the prosecution gained through a prior professional relationship between a member of its staff and a criminal defendant concerning the same or a closely related matter. *Wilson* v. *State* (1861), 16 Ind. 392. *See generally* 31 ALR3d 953; and for the applicable test which must be satisfied by a defendant relying upon prosecutorial misconduct for a mistrial, see *White* v. *State* (1971), 257 Ind. 64, 272 N.E.2d 312, 319. The established guidelines of professional conduct also prohibit such a potential conflict of interest. Canons 5 and 6 of the Indiana Code of Professional Responsibility and Disciplinary Rule 5-101.

## DISSENTING OPINION

HOFFMAN, C.J.—Appellant Michael Roy Branan (Branan) petitioned the trial court herein for post-conviction relief after having been convicted of being an accessory before and after the fact to a theft. After a hearing, his petition was denied. On appeal, Branan alleges that the trial court erred in not voiding his guilty plea to the above charges where the same counsel represented both Branan and the State at different stages of the criminal proceedings which resulted in his conviction.

The evidence most favorable to the appellee State of Indiana contained in the record of the post-conviction proceeding in the trial court shows that Branan was charged by affidavit with being an accessory before and after the fact to a robbery in Mishawaka, Indiana. Because Branan stated he could not afford an attorney but desired one, William Whitman, then a St. Joseph County Public Defender, was appointed as Branan's counsel. Mr. Whitman discussed the case with Branan and represented him at a hearing where he waived arraignment and entered a plea of not guilty to both charges. Shortly thereafter Branan retained private counsel who represented him for the balance of the criminal proceedings.

Upon the advice of his private counsel, Branan withdrew his pleas of not guilty and pleaded guilty to the lesser offenses of accessory before and after the fact to a theft. These pleas were accepted by the trial court and, at a later hearing, Branan was sentenced by the trial court.

At the sentencing hearing, the State was represented by the same William Whitman who had originally been appointed as a Public Defender to represent Branan. Mr. Whitman's participation in this hearing was limited to a single statement that the State had no recommendation as to sentencing.

Due process of law and the precepts of professional ethics forbid the participation of an attorney in the prosecution of a defendant whom he has previously represented in the same

or a closely related matter. See: Canons 5 and 6, Indiana Code of Professional Responsibility, and Disciplinary Rule 5-105, promulgated by the Indiana Supreme Court; *Wilson* v. *The State* (1861), 16 Ind. 392. This is because this situation presents a conflict of interest unknown to the defendant at the time he confidentially disclosed information to the attorney, and may result in an unfair advantage to the prosecution through the attorney's knowledge of such information.

However, regardless of the propriety of this attorney's conduct under the Code of Ethics, the only question germane to the case at bar is whether the events described hereinabove resulted in prejudice to the defendant's right to due process of law. It must be remembered that the case at bar is an appeal from a trial court's determination that Branan is not entitled to relief on his post-conviction petition. Furthermore, the burden is upon a petitioner such as Branan to establish his grounds for relief by a preponderance of the evidence in the trial court. Ind. Rules of Procedure, Rule P.C. 1, § 5; *Harrison* v. *State* (1973), 155 Ind. App. 231, 292 N.E.2d 612, 35 Ind. Dec. 165; *Dixon* v. *State* (1972), 154 Ind. App. 603, 290 N.E.2d 731, 34 Ind. Dec. 399.

In the case at bar there was simply no evidence of prejudice to the defendant by reason of Mr. Whitman's acts presented at the hearing on Branan's petition. Indeed, the evidence presented at that hearing overwhelmingly supports the determination of the trial court herein. Mr. Whitman testified that he never divulged to any fellow prosecutor any information obtained by reason of his attorney-client relationship with Branan. Moreover, Mr. Whitman never actively participated in the prosecution of Branan. Rather, he only appeared at Branan's sentencing and informed the trial court that the general policy of the St. Joseph County Prosecutor's office is to not recommend sentences to criminal trial courts. There could be no prejudice to Branan's rights upon these facts.

While the majority opinion declined to decide the above issue raised by the appellant, it proceeds to decide an issue not raised by Branan's petition, not argued before the trial court, and not presented to this court in his brief. The majority opinion does so under the guise of a review of fundamental error.

However, the majority's review of such error results from a misapplication of the rules of law surrounding such review on appeal. The following statement and citation in the majority opinion give rise to this misapplication:

> "We will not ignore such a transgression of a defendant's fundamental rights. *Kleinrichert* v. *State* (1973), 260 Ind. 537, 297 N.E.2d 822."

The rules concerning appellate review of allegations of fundamental error are properly stated in *Ervin* v. *State* (1973), 158 Ind. App. 594, 303 N.E.2d 835, at 838, 39 Ind. Dec. 660:

> "Issues inherently revealed by the record in a criminal case may be considered on appeal even when not raised below, ***. [Citations omitted.] *However, the court may consider such issues only 'when *** they are clearly and adequately presented in appellant's brief with supporting bill of exceptions.'* Wilson v. State, supra, at 78 of 222 Ind., at 854 of 51 N.E.2d. However, not every case where a defendant's attorney carelessly or ignorantly fails to preserve error for appeal calls for review. A substantial infringement of a defendant's [constitutional rights] *** must be *shown* to invoke the plain error principle." (Emphasis supplied.)

The case cited in the quotation from the majority opinion hereinabove set forth does not hold that a court of review may scrutinize the record in a criminal case for possible fundamental errors not advanced by a defendant-appellant. Indeed, *Kleinrichert* indicates, as do the other cases dealing with this subject, that the issue deemed to be fundamental error was presented to the court in the appellant's brief:

> "Normally, this Court will not consider an issue which is first *raised* on appeal, but a court of review cannot ignore a fundamental error which is apparent on the face of the

record, such as an incorrect sentence." (Emphasis supplied.) 297 N.E.2d 826.

Based on the foregoing, it is apparent that the majority opinion unnecessarily decides an uncontroverted issue, and declines to decide the issue which was argued by the parties, and which may be readily resolved upon the record now before the court.

The decision of the trial court should be affirmed.

NOTE.—Reported at 316 N.E.2d 406.