MARTHA WEIGLE *v.* STATE OF INDIANA.

[No. 2-774A157. Filed January 23, 1975.]

*E. Kent Moore,* of Lafayette, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

HOFFMAN, J.—Defendant-appellant Martha Weigle was charged by affidavit with the offense of administering a dangerous drug. Appellant originally entered pleas of not guilty and not guilty by reason of insanity to such charge. Following a series of plea negotiations, appellant moved to withdraw her original pleas and entered a plea of guilty. At the time this occurred, the trial court was informed in writing of a recommendation by the prosecutor that appellant receive a suspended sentence based upon certain probation restrictions. The trial court, before asking appellant to plead, very carefully and thoroughly explained appellant's rights to her. Regarding the plea bargain, the following exchange occurred between the trial court and the defendant:

"Q Now, Mrs. Weigle, you should understand that regardless of the recommendation made by the prosecution, the Court is not bound to follow it. You understand that?

"A Yes, sir.

"Q And certainly the Court would give serious considerations to any recommendation made by the prosecution.

"A Yes, sir.

"Q But there are no ironclad guaranties that the Court would follow it. If the Court felt that it would [could] not in good conscience follow their recommendation then, in this instance, the Court could impose a sentence prescribed by the legislature which, as you've indicated, is an indeterminate sentence of one to ten years plus a fine and costs. So, the point is, that you cannot—you have no guaranty that the Court would follow the recommendation. You understand that?

"A Yes, sir.

"Q That's a chance that you would have to assume if you enter a plea of guilty. And you're willing to do that?

"A Yes, sir."

At sentencing, after considering the presentence investigation report and psychiatric reports submitted to it, the trial court declared that it could not follow such recommendation and ordered that appellant be imprisoned in the Indiana Women's Prison for a period of not less than one nor more than ten years; fined $10 and assessed costs. Immediately following the execution of sentence, the attorney for appellant moved to withdraw the guilty plea. Such motion was, however, overruled.

On December 21, 1973, appellant filed a motion to correct errors wherein it was alleged, *inter alia,* that the trial court erred in refusing to permit the withdrawal of her guilty plea. Such alleged error is the sole issue presented for consideration on appeal.

In the absence of a rule, such as that contained in the Proposed Amendments to the Federal Rules of Criminal Procedure (1974), depriving the trial court of its discretion in permitting the withdrawal of a guilty plea where a disclosed plea bargain is not accepted, it would be difficult to postulate a case where the trial judge could do more to insure the plea was voluntarily, knowingly and understandingly entered.

However, in the case of *Crain* v. *State* (1973), 261 Ind. 272, 301 N.E.2d 751, our Supreme Court said:

"It has been consistently held by this Court that a motion to correct errors is not the proper procedural method for challenging a plea of guilty. Pritchard v. State (1965), 246 Ind. 671, 210 N.E.2d 372; Snow v. State (1963), 245 Ind. 423, 195 N.E.2d 468, 199 N.E.2d 468 [469]. The proper method is the filing of a petition for postconviction relief under P.C. Rule 1. Lockhart v. State (1971), [257] Ind. [349], 274 N.E.2d 523; Grimes v. State (1972), [257] Ind. [660], 278 N.E.2d 271." See: *Goode* v. *State* (1974), 160 Ind. App. 360, 312 N.E.2d 109.

Accordingly, appellant's appeal on her motion to correct errors is dismissed without prejudice to her right to raise the issue herein presented in a subsequent post-conviction proceeding if such is her desire.

Appeal dismissed.

Staton, P.J. and Garrard, J., concur.