Henry **BRUNSON**, Appellant (Defendant Below),

v.

**STATE of Indiana,** Appellee (Plaintiff Below).

No. 3–978A213.

Court of Appeals of Indiana, Third District.

Sept. 19, 1979.

K. Richard Payne, Fort Wayne, for appellant.

Theo. L. Sendak, Atty. Gen., Philip R. Blowers, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

On February 19, 1978, Henry Brunson was charged in a two-count information with Unlawful Possession of a Deadly Weapon [1] and Resisting Law Enforcement.[2] He subsequently entered a plea of guilty to the former offense, but pleaded not guilty to the latter crime. Brunson was then tried without the intervention of a jury and found guilty of Resisting Law Enforcement. For that misdemeanor, Brunson was fined One Hundred Dollars ($100.00) and sentenced to the Indiana Department of Corrections for a period of thirty (30) days. For this unlawful possession of a deadly weapon, Brunson was fined Three Hundred Dollars ($300.00) and sentenced to the Department of Corrections for a period of one (1) year. The court ordered that the respective periods of incarceration were to be served concurrently.

Brunson's appeal to this Court challenges the propriety of his conviction for Resisting Law Enforcement. He raises the following issue for our review:

Whether the trial court committed reversible error when it failed to inform him of his right to counsel at the misdemeanor trial?

We reverse.

Brunson relies on *Argersinger v. Hamlin* (1972), 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530, in support of his contention that the trial court erred when it failed to advise him of his right to an attorney at the

---

1. IC 1971, 35–23–12–2 (Burns Code Ed.), repealed effective March 2, 1978, by Acts 1978, P.L. 147, §§ 1 and 2.

2. Ind.Code Ann. § 35–44–3–3 (West 1978).

misdemeanor ˙trial.[3] In *Argersinger*, the Supreme Court held that the Sixth Amendment to the United States Constitution guarantees that no person can be imprisoned for a misdemeanor or petty offense unless he or she was represented by counsel at trial or knowingly and intelligently waived the right to an attorney. 407 U.S. at 27, 92 S.Ct. at 2012. *See also, Scott v. Illinois* (1979), 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383.[4]

■ Our decision here is predicated not on federal constitutional guarantees, however, but rather on Article 1, Section 13 of the Indiana Constitution, which reads:

"Rights of accused.—In all criminal prosecutions, the accused shall have the right to a public trial, by an impartial jury, in the county in which the offense shall have been committed; to be heard by himself and counsel; to demand the nature and cause of the accusation against him, and to have a copy thereof; to meet the witnesses face to face, and to have compulsory process for obtaining witnesses in his favor."

Unlike the federal constitutional guarantee, the provisions of Section 13 establish a right to counsel for all persons charged with a criminal misdemeanor, regardless of whether the charge ultimately results in the misdemeanant's imprisonment. *Bolkovac v.*

*State* (1951), 229 Ind. 294, 98 N.E.2d 250. As Judge Emmert observed in *Bolkovac*:

"Since § 13 of Article 1 makes no distinction between misdemeanors and felonies, the right to counsel must and does exist in misdemeanor cases to the same extent and under the same rules it exists in felony cases. Many misdemeanors provide substantial punishment by way of fine and imprisonment, and if we held there is no constitutional right to counsel in a misdemeanor case, the legislative door would be open for the destruction of this right by the simple device of providing for imprisonment in the Indiana State Farm rather than the Indiana State Prison." [Footnote omitted.]

229 Ind. at 299–300, 98 N.E.2d at 253. The trial court thus committed reversible error when it failed to advise Brunson of his state constitutional right to counsel prior to the misdemeanor trial.

■ We also reverse Brunson's conviction for Unlawful Possession of a Deadly Weapon. The record reveals that the trial court accepted Brunson's plea of guilt to that offense. There is no indication in the record,[5] however, that prior to the entry and acceptance of the plea, the court advised Brunson of the constitutional rights enumerated in *Boykin v. Alabama* (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 or

---

**3.** The State's arguments are disposed of here. First, the State asserts that Brunson waived his right to challenge the lack of advisement by failing to raise the issue in the trial court. It is well-established that a "fundamental" error will be reviewed by this Court when raised for the first time on appeal. *Kleinrichert v. State* (1973), 260 Ind. 537, 297 N.E.2d 822. The right to an attorney is "fundamental" in nature. *Gideon v. Wainwright* (1963), 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799. Second, the State contends that Brunson waived his right to challenge the alleged error by failing to establish a record sufficient to allow this Court to intelligently review the question. Brunson requested that the entire record be prepared for appeal; it was incumbent upon the trial court to establish on the face of the record that Brunson waived his right ˙to an attorney. *Argersinger v. Hamlin, supra.* Third, the State suggests that inasmuch as the Supreme Court recognized in *Faretta v. California* (1975), 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 that a defendant has a right to proceed *pro se*, Brunson cannot now

complain of the quality of his *pro se* defense. There is no indication that Brunson requested to proceed *pro se*, nor did *Faretta* abrogate the trial court's duty under *Argersinger*.

**4.** The scope of the Sixth Amendment guarantee of counsel to misdemeanant defendants was clarified by the Court in *Scott.*

**5.** The record reflects some confusion regarding whether Brunson's conviction for Unlawful Possession of a Deadly Weapon was the product of a plea or trial. While the record reflects that the court accepted Brunson's plea of guilt to that charge, it also indicates that at the conclusion of the bench trial, the court entered judgment on *both* counts. If in fact the charge was tried to the court, the failure to advise Brunson of his right to an attorney violated Article 1, Section 13 of the Indiana Constitution (see text); accordingly, in that event, our decision here would not be affected.

the various matters contained in IC 1971, 35–4.1–1–3 and 4 (Burns Code Ed.). The failure of the trial court to insure that Brunson's plea was knowingly, intelligently, and voluntarily made constitutes fundamental error. *Branan v. State* (1974), 161 Ind.App. 443, 445, 316 N.E.2d 406, 408; *Goode v. State* (1974), 160 Ind.App. 360, 362, 312 N.E.2d 109, 112.

The cause is reversed and remanded. Brunson is granted a new trial with respect to the count alleging that he resisted law enforcement; in addition, the trial court is instructed to permit Brunson to withdraw his plea of guilty to Unlawful Possession of a Deadly Weapon.

GARRARD, P. J., and HOFFMAN, J., concur.