Christopher BROWN, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 4–1281A194.

Court of Appeals of Indiana,
Fourth District.

May 27, 1982.

Susan K. Carpenter and Ihor N. Boyko, Public Defenders, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

MILLER, Presiding Judge.

Christopher Brown appeals the trial court's denial of his motion for post-conviction relief [1] under Ind.Rules of Procedure, Post-Conviction Rule 1. Brown pleaded guilty to one count of theft [2] and one count of forgery [3] committed on May 9, 1978 and February 14, 1978 respectively. After a combined guilty plea hearing, Brown was sentenced to two eight year terms to run consecutively. On July 6, 1981 Brown filed a petition for post-conviction relief alleging 1) ineffective assistance of counsel; 2) inability to understand the proceedings due to the legal terminology used; 3) coercion of his guilty pleas through threat of additional charges including an habitual offender count; and 4) expectation of a less severe sentence. Brown's petition for post-conviction relief was denied by the trial court after a hearing. Brown timely filed a motion to correct errors raising substantially

---

1. Brown's motion was initially filed *pro se*, although he was later represented by the public defender.

2. Ind.Code 35–43–4–2 (1977).

3. Ind.Code 35–43–5–2 (1977).

the same issues as alleged in his petition for post-conviction relief.

In his brief, and for the first time on appeal, Brown alleges fundamental error in the trial court's failure to advise him, pursuant to Ind.Code 35–4.1–1–3, that the court was not a party to the plea bargain and was not bound by it, that Brown's plea waived his right to a "public and speedy" trial, and that the trial court failed to advise Brown regarding the minimum sentence possible for the crimes charged. The State concedes the record of the proceedings is deficient with regard to these advisements. It contends, however, the failure to so advise does not constitute fundamental error. We disagree and reverse.

## DECISION

In a post-conviction relief hearing, the petitioner must establish his grounds for relief by a preponderance of the evidence. P.C.R. 1 § 5. On appeal from an adverse judgment he must establish the evidence as a whole led unerringly and unmistakably to a decision in his favor. *Sotelo v. State*, (1980) Ind., 408 N.E.2d 1215. It is also well-settled that we must review the entire record of the guilty plea hearing to determine compliance with the statute. *James v. State*, (1982) Ind., 433 N.E.2d 1188; *Mathis v. State*, (1980) Ind., 406 N.E.2d 1182. However, if the record of the guilty plea hearing does not affirmatively disclose advisement of a right enumerated in IC 35–4.1–1–3, the petitioner has satisfied his burden since a knowing, intelligent and voluntary entry of a guilty plea cannot be presumed from a silent record. *Campbell v. State*, (1975) 262 Ind. 594, 321 N.E.2d 560; *Brimhall v. State*, (1972) 258 Ind. 153, 279 N.E.2d 557; *Barfell v. State*, (1979) Ind.App. 399 N.E.2d 377.

It is clear in the instant case Brown was not advised on several items enumerated in IC 35–4.1–1–3(c), (d), and (e). Specifically, although Brown was advised of his right to a trial by jury, he was not advised of his right to a "public and speedy" trial by jury. A similar situation was presented in *Mathis v. State, supra* where Mathis was not advised of his right to a "speedy" trial.[4] However, upon a review of the whole record, our Supreme Court found Mathis had been extensively and personally involved in a pretrial motion for a speedy trial. The Court therefore found there was a sufficient basis in the record to conclude Mathis was meaningfully informed of his right to a speedy trial. In contrast, no motion for a speedy trial was filed in this case. Additionally, there is nothing in the record before us to indicate Brown was meaningfully informed of his right to a *public* and/or *speedy* trial. We must therefore conclude Brown's plea was not knowingly, intelligently and voluntarily entered.[5]

The only remaining question is whether the failure of a guilty plea occasioned by the trial court's non-compliance with IC 35–4.1–1–3 constitutes fundamental error. We believe the following language from *Brunson v. State*, (1979) Ind.App., 394 N.E.2d 229 is dispositive of this question:

"There is no indication in the record, however, that prior to the entry and acceptance of the plea, the court advised Brunson of the constitutional rights enumerated in *Boykin v. Alabama* (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 or the various matters contained in IC 1971, 35–4.1–1–3 and 4 (Burns Code Ed.). *The failure of the trial court to insure that Brunson's plea was knowingly, intelligently, and voluntarily made constitutes fundamental error.* *Branan v. State* (1974), 161 Ind.App. 443, 445, 316 N.E.2d 406, 408; *Goode v. State* (1974), 160 Ind. App. 360, 362, 312 N.E.2d 109, 112. (Emphasis added.) (Footnote omitted.)

*Id.* at 231–32. As argued by the state, we recognize that even a violation of a defendant's constitutional rights does not *necessarily* constitute fundamental error. *E.g., Randolph v. State*, (1978) 269 Ind. 31, 378

---

4. Mathis had been advised only of his right to a public trial by a jury of twelve peers.

5. We therefore need not address the other grounds alleged by Brown as constituting fundamental error.

N.E.2d 828 (violation of right to remain silent). The Indiana rule, as stated in *Brunson*, comports, however, with the generally accepted rule that the failure to insure a guilty plea was entered knowingly, intelligently and voluntarily does constitute fundamental error. *E.g., Majko v. United States*, (7th Cir. 1972) 457 F.2d 790 (failure to comply with Fed.R.Crim.P. 11, the federal counterpart to IC 35–4.1–1–3, is fundamental error.)

In view of our disposition on this issue, we need not address the other grounds asserted in Brown's petition.

Reversed.

CONOVER and YOUNG, JJ., concur.