Jill C. HUFFMAN, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 53A01–0404–CR–189.

Court of Appeals of Indiana.

Feb. 21, 2005.

Frederick A. Turner, Bloomington, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Ryan D. Johanningsmeier, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

RILEY, Judge.

*STATEMENT OF THE CASE*

Appellant–Defendant, Jill C. Huffman (Huffman), appeals the trial court's denial of her motion to correct error seeking a correction in the trial court's revocation of her probation.

We dismiss without prejudice.

*ISSUE*

Although Huffman raises four issues on appeal, we find the following issue, which we raise *sua sponte*, dispositive: whether the validity of a guilty plea in a probation revocation proceeding can be raised on direct appeal.

*FACTS AND PROCEDURAL HISTORY*

On November 9, 1998, upon accepting Huffman's guilty plea to Count II, conspiracy to commit armed robbery, a Class B felony, Ind.Code §§ 35–41–5–2; 35–42–5–1, the trial court sentenced her to a term of twelve years in the Department of Correction (D.O.C.), with six years suspended, and placed Huffman on supervised probation for four years after her release. On August 31, 2001, after Huffman commenced her term of supervised probation, her probation officer filed a Petition to Revoke Suspended Sentence alleging that Huffman had failed to appear for probation appointments and urine screens. On November 5, 2001, Huffman admitted to the violations and the trial court ordered her to return to probation with the requirement that she perform an additional seventy hours of public restitution.

On January 31, 2002, the State filed a second Petition to Revoke Suspended Sentence alleging six probation violations. During the probation revocation hearing of April 23, 2002, after Huffman admitted to five of the six violations, the trial court ordered her to serve three years of the previously suspended six years. The trial court further placed Huffman on probation

for three years with an additional 180 days of Community Alternative Sentencing Program.

On July 8, 2003, after her release from the D.O.C., the State filed a third Petition to Revoke Suspended Sentence, again alleging six probation violations. At the preliminary probation revocation hearing on September 9, 2003, Huffman requested evaluation and treatment for substance abuse problems at the Center for Behavioral Health. On October 20, 2003, after admitting to the violations, the trial court released Huffman on her own recognizance to get treatment for her addictions. However, she failed to appear for treatment. Subsequently, on November 12, 2003, a warrant was issued for Huffman's arrest. On February 9, 2004, the trial court ordered Huffman to serve the remaining three years of her sentence. Thereafter, on March 29, 2004, the trial court denied Huffman's motion to correct error, challenging the revocation of her probation based on her guilty plea.

Huffman appealed. On July 12, 2004, we issued an Order directing Huffman:

> [t]o show cause within thirty-five (35) days why the Court should not dismiss this appeal because it does not appear to be properly before the Court. [Huffman] shall also show cause why the Court should not find that the only vehicle for [Huffman] to challenge the revocation of her probation is to file a petition for post-conviction relief.

On August 16, 2004, Huffman filed her Verified Response to our Show Cause Order. On September 3, 2004, after review, we found and ordered:

> [t]his Court's July 12, 2004 show cause order is hereby DISCHARGED; however, it shall be left to the writing panel of judges to determine whether or not the issues [Huffman] raises in this appeal are properly before the Court.

Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

█ In her response to this court's show cause order, Huffman contends that her direct appeal challenging the validity of her guilty plea during a probation revocation hearing is properly before this court. Specifically, Huffman raises three arguments in support of her contention: (1) pursuant to I.C. § 35–38–2–3(k), a trial court's judgment revoking probation is a final appealable order; (2) hearings on probation violations are civil in nature, and thus, ensuing appeals should be governed by general civil rules; and (3) a post-conviction relief petition is not an exclusive remedy for a revocation of probation. Conversely, the State, in its brief, replies that allowing Huffman to contest the admission on direct appeal would result in the probationer receiving the bargain of her guilty plea first and then challenging whether she would have to endure her agreed to burden. Creating this precedent, the State maintains, would make settlements more difficult to achieve.

We note that even though Indiana courts have not directly addressed the issue before us, our courts have decided the analogous issue of whether a defendant may directly appeal from a conviction after a guilty plea. In this situation, our supreme court in *Tumulty v. State*, 666 N.E.2d 394, 395 (Ind.1996), stated that:

> [o]ne consequence of pleading guilty is restriction of the ability to challenge the conviction on direct appeal. In *Weyls v. State*, 266 Ind. 301, 362 N.E.2d 481 (1977), Justice DeBruler restated the long-standing principle that 'a conviction based on a guilty plea may not be challenged by motion to correct errors and direct appeal.' (internal citations omitted.)

As a basis for this legal principle, our supreme court noted multiple grounds,

> [f]irst, the plea as a legal act brings to a close the dispute between the parties, much as settling civil parties do by submitting an agreed judgment. To permit appeal by settling parties would, of course, make settlements difficult to achieve in any litigation. . . . Allowing the new remedy of direct appeal has the potential to multiply dramatically the caseload in the appellate courts by offering appeals to thousands of admitted felons.

*Id.* at 396. According to the *Tumulty* court, the avenue for disputing the validity of a guilty plea can be found in Indiana Post–Conviction Rule 1. *Id.* Referring to *Crain v. State*, 261 Ind. 272, 301 N.E.2d 751 (1973), our supreme court explained the rationale for this rule as follows:

> [t]he type and extent of evidentiary hearing afforded at a post-conviction proceeding is much broader than a hearing on a motion to correct errors and specifically designed to allow appellant an opportunity to establish the factual assertions he makes concerning his guilty plea.

*Tumulty,* 666 N.E.2d at 396 (quoting *Crain,* 301 N.E.2d at 751–52).

Turning to the Indiana Rules of Post–Conviction Relief, we recognize that Ind. Post–Conviction Rule 1(1)(a)(5) provides a remedy for Huffman's claim, stipulating that post-conviction relief is available to any person who has been convicted and who asserts that his probation was unlawfully revoked. Furthermore, section (b) of the same rule expressly states that "[e]xcept as otherwise provided in this Rule, it comprehends and *takes the place of all other common law, statutory, or other remedies* heretofore available for *challenging the validity of the conviction or sen-* *tence* and it shall be *used exclusively in place of them.*" (emphasis added).

Based on these principles, we are not persuaded by Huffman's arguments. First, appealing the trial court's decision to revoke her probation, Huffman alleges the following issues: (1) whether the trial court retained jurisdiction to impose the February 9, 2004 Order, after it had previously ordered part of Huffman's suspended sentence executed; (2) whether an adequate factual basis existed to support that Huffman's admission to the probation violation was voluntary; (3) whether Huffman's admission to the probation violation was voluntary; and (4) whether the trial court abused its discretion when it revoked Huffman's suspended sentence. In sum, all Huffman's assertions clearly challenge the validity of her guilty plea during the probation revocation hearing.

Even though Huffman now contends in her response to our show cause order that a post-conviction relief remedy is not an exclusive remedy, the Indiana rules for post-conviction relief clearly refute her contention by limiting the avenue for challenging the validity of a conviction or sentence to the exclusive domain of the Post–Conviction Relief Rules. Specifically, as we stated before, P–C.R. 1(1)(b) explicitly takes precedence over all available statutory remedies for challenging the validity of a conviction or sentence. Thus, although we agree with Huffman that I.C. § 35–38–2–3 stipulates that a judgment revoking probation is a final appealable order and therefore may be subject to a direct appeal, this statute is nevertheless subordinate to P–C.R. 1(1)(b), which clearly brings Huffman's relief within the realm of the Post–Conviction Relief Rules, to the restriction of all other remedies.

Next, Huffman argues that since the probation revocation hearing is civil in nature, the ensuing appeal should also be

governed by general civil rules. It is well settled that a probation revocation hearing is civil in nature, and the alleged violation only needs to be proven by a preponderance of the evidence. *Isaac v. State*, 605 N.E.2d 144, 147 (Ind.1992). Because of its civil nature, the trial court's inquiry during a probation revocation hearing is narrow and its proceedings are more flexible. *Cox v. State*, 706 N.E.2d 547, 550 (Ind.1999). Accordingly, the civil status of a probation revocation proceeding focuses on the level of proof to be established during the hearing, not on the procedure after the hearing is finalized and conviction and sentence are handed down.

Furthermore, as pointed out by our supreme court in *Tumulty*, pleading guilty to a probation violation brings to a close the dispute between the parties, as civil parties do by submitting an agreed judgment. *See Tumulty*, 666 N.E.2d at 396. As persuasively argued by the State, to permit a direct appeal by settling parties would then make guilty pleas more difficult to achieve. Moreover, in order to appropriately review Huffman's challenges to the validity of her plea, she must be allowed an opportunity to establish the factual circumstances and assertions surrounding her guilty plea. The rules for post-conviction relief ensure precisely this broader type of evidentiary hearing, accomplishing exactly what a hearing on a motion to correct error would fail to do. *See also id.*

In sum, we conclude that it is basic to and idiosyncratic in Indiana law that an error premised upon a guilty plea must be brought by a petition for post-conviction relief. Accordingly, we hold that Huffman's direct appeal to the validity of her guilty plea in a probation revocation hearing is dismissed without prejudice to her right to raise the issue in a subsequent post-conviction proceeding, if she so chooses.

## CONCLUSION

Based on the foregoing, we conclude that, pursuant to P–C.R. 1(1)(b), the validity of a guilty plea in a probation revocation proceeding can only be brought by a petition for post-conviction relief.

Dismissed without prejudice.

CRONE, J., and VAIDIK, J., concur.