**Brian K. CRAIN, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 20A04–0703–CR–138.**

Court of Appeals of Indiana.

Oct. 31, 2007.

Eric E. Kinsman, Elkhart, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Ann L. Goodwin, Special Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

MAY, Judge.

Brian K. Crain asks us to reverse his conviction of non-support of a dependent,

claiming his waiver of counsel was not knowing, voluntary, and intelligent. Because his claim must be raised in a post-conviction petition, we dismiss his appeal.

## FACTS AND PROCEDURAL HISTORY

On June 24, 2005, Crain was charged with non-support of a dependent. Crain hired private counsel. On April 26, 2006, defense counsel filed a motion to withdraw appearance. On May 3, 2006, the trial court held a hearing, confirmed Crain wanted to terminate the representation, and granted the motion. Crain told the court he would hire another attorney, and the court informed Crain no continuances of the May 22, 2006 trial date would be granted.

By May 10, 2006, no new attorney had filed an appearance on behalf of Crain, and the court asked Crain how he wished to proceed. Crain responded that he wanted to plead guilty. The trial court advised Crain of his rights and accepted Crain's guilty plea.

## DISCUSSION AND DECISION

Crain contends his waiver of his right to counsel was not knowing, voluntary, and intelligent because the trial court did not sufficiently advise him of the advantages of being represented. Crain's case is before us on direct appeal; however, his claim must be brought through a petition for post-conviction relief. *Creekmore v. State,* 853 N.E.2d 523, 532 (Ind.Ct.App.2006), *reh'g denied with opinion on other issues,* 858 N.E.2d 230 (Ind.Ct.App.2006); *see Tumulty v. State,* 666 N.E.2d 394, 395 (Ind. 1996) ("One consequence of pleading guilty is restriction of the ability to challenge the

conviction on direct appeal."). Accordingly, we dismiss Crain's appeal.

Dismissed.

DARDEN, J., and CRONE, J., concur.