# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**JAY RODIA**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHELLE BUMGARNER**
Deputy Attorney General
Indianapolis, Indiana

**FILED**

Apr 23 2013, 9:25 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| PAUL SPARKS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1207-CR-593 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Robert Altice, Judge
Cause No. 49G02-1202-FC-8723

**April 23, 2013**

**OPINION ON REHEARING - FOR PUBLICATION**

**ROBB, Chief Judge**

The State has petitioned for rehearing of this court's decision in Sparks v. State, 983 N.E.2d 221 (Ind. Ct. App. 2013), in which we held that the trial court did not handle Sparks's probation revocation hearing in a way that comports with his due process rights, and we reversed and remanded for a new probation revocation hearing. We grant the petition for rehearing for the sole purpose of clarifying what is required on remand, but affirm our opinion in all respects.[1]

The State's petition reiterates its original argument that an evidentiary hearing was not required because Sparks admitted to the probation violation after consulting with his attorney. However, as was well-explained in the opinion, Sparks's admission was suspect in light of the comment made by the trial court. Thus, the particular circumstances surrounding Sparks's admission rendered the lack of an evidentiary hearing in this case fundamental error. Our decision did not change established Indiana law that a probationer may admit to a probation violation and waive the right to a probation violation hearing. See Ind. Code § 35-38-2-3(e).

On remand, the trial court must conduct an evidentiary hearing in which the State proves by a preponderance of evidence that Sparks violated his probation. The State cannot rely on Sparks's original admission, which this court held was suspect. If Sparks chooses to, once again, admit to the probation violation, there would no longer be a need for an evidentiary hearing, as long as both the trial court and the State abide by due process requirements.

---

[1] Sparks has not filed a brief in response to the petition for rehearing.

MAY, J., and PYLE, J., concur.