**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**LAWRENCE D. NEWMAN**
Newman & Newman, P.C.
Noblesville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CYNTHIA L. PLOUGHE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| AARON GORDY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 29A02-1306-CR-504 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HAMILTON SUPERIOR COURT
The Honorable Valorie S. Hahn, Judge Pro Tem
Cause No. 29D01-1105-FC-7803

**January 29, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

Aaron Gordy appeals the revocation of his placement in community corrections. We affirm.

## Issue

Gordy raises one issue, which we restate as whether the trial court denied his right to due process in the manner in which it revoked his community corrections placement.

## Facts

In June 2012, Gordy pled guilty in Hamilton County to one count of Class C felony carrying a handgun without a license. He was sentenced to a term of six years, with four years executed. The executed portion of the sentence was to be served through a direct commitment to community corrections, with the first two years on work release and the subsequent two years on home detention. The last two years of Gordy's sentence were to be served on probation; one of the terms of probation was that Gordy successfully complete his community corrections placement.

The work release facility rules prohibited participants from having more than one hour of unaccounted-for time away from the facility. On January 31, 2013, Hamilton County Community Corrections filed a petition alleging Gordy had not complied with work release by: (1) having over nineteen hours of unaccounted-for time; and (2) failing to submit necessary work verification. On February 5, 2013, the probation department filed a petition alleging Gordy had violated probation by violating his community corrections placement. On February 8, 2013, the trial court received a letter from Gordy

2

admitting he had unaccounted-for hours outside the work release facility but asserting that he had left the facility without permission in order to visit his newborn son.

On May 16, 2013, the trial court held a hearing on the community corrections and probation violation petitions. The trial court began by asking Gordy if he had reviewed the petitions with counsel, and then advised Gordy of his rights, including his right to a hearing on the allegations. After Gordy indicated that he understood his rights, the trial court asked him if he admitted or denied having over nineteen hours of unaccounted-for time. Gordy responded, "I would say that I um, the majority over [sic] those hours are, uh, wasn't unaccounted for. So I wouldn't admit to all those hours." Tr. p. 9. Gordy then attempted to ask the trial court about the letter he had written, "because it answers the question that you're asking . . . ." Id. at 10. The trial court advised Gordy that he had to make a statement on the record, and defense counsel then asked him, "you admit that some of those 19 hours, whether it was 2 or 10 or 12, some amount of that 19 hours, is it true that that's unaccounted for? . . . That you violated the rules by being gone for unaccounted time." Id. at 11. Gordy then admitted that he had.

Gordy denied, however, that he had failed to submit necessary work verification. The trial court then asked again if Gordy "had over 19 hours of unaccounted time and had not turned any additional work verifications in," and Gordy denied both. Id. at 12. After further questioning, Gordy again stated that he had "only a portion" of the alleged nineteen unaccounted-for hours. Id. at 14. The State then stated that it "would like to clarify whether or not that portion was more than one hour of time?" Id. Gordy responded, "To be exact, I have at least, 8 hours over, more than, months at a time that accumulated." Id. After this

response, the State said it "is satisfied with the admission to the more than one hour of unaccounted for . . . time" and moved to dismiss the allegation regarding failing to submit necessary work verification. Id. at 15. Gordy then testified on his own behalf regarding his excuse for having unaccounted-for time, i.e. the recent birth of his son. The State presented no evidence. After argument by both sides, the trial court found that Gordy violated his probation and community corrections placement. It then modified Gordy's sentence to require serving the remainder of his four-year executed term in the Department of Correction, followed by two years of probation. Gordy now appeals.

## Analysis[1]

Both probation and community corrections programs serve as alternatives to incarceration, and both are ordered at the sole discretion of the trial court. McQueen v. State, 862 N.E.2d 1237, 1242 (Ind. Ct. App. 2007). A defendant is not entitled to serve a sentence through a community corrections program, and placement in one is a "matter of grace" and a "conditional liberty that is a favor, not a right." Cox v. State, 706 N.E.2d 547, 549 (Ind. 1999). Additionally, the same due process requirements that apply to probation revocations also apply when a trial court revokes a defendant's placement in a community corrections program. Id. Those rights include entitlement to representation by counsel, written notice of alleged violations, disclosure of opposing evidence, an opportunity to be heard and present evidence, and the right to confront and cross-examine witnesses in a

---

[1] The State makes no argument that because Gordy admitted violating community corrections rules, he is precluded from challenging the revocation on direct appeal and must instead file a petition for post-conviction relief. See Huffman v. State, 822 N.E.2d 656, 660 (Ind. Ct. App. 2005) (holding that defendant who admits to probation violation must challenge revocation of probation via post-conviction relief petition and not via direct appeal).

4

hearing before a neutral trial court. Id. at 550. However, when a defendant admits to an alleged violation of community corrections, an evidentiary hearing is not necessary and a trial court can proceed to determine whether the admitted violation warrants revocation of placement in community corrections. See Parker v. State, 676 N.E.2d 1083, 1085 (Ind. Ct. App. 1997). Even when admitting a violation, a defendant is entitled to present mitigating evidence suggesting that the violation does not warrant revocation. Sparks v. State, 983 N.E.2d 221, 225 (Ind. Ct. App. 2013). "Also, an informal conversation between the court and the parties does not constitute an evidentiary hearing and does not comport with a probationer's due process rights." Id.

Here, Gordy admitted that he violated work release rules by having at least eight hours of unaccounted-for time, and the trial court subsequently revoked his placement in community corrections after finding he had violated the rules and after providing Gordy with an opportunity to present mitigating evidence as to why his placement should not be revoked. Regardless, Gordy argues that he was improperly denied his right to an evidentiary hearing, relying upon Sparks. In that case, we reversed a probation revocation as violating the defendant's due process rights because no evidentiary hearing was held, even though the defendant had admitted to violating probation. At the outset of the revocation hearing, the trial court acknowledged the State's evidence of an alleged violation without opportunity for rebuttal by the defendant and said, "If he is willing to accept responsibility for his actions . . . I was thinking of giving him a four year sentence if he'll do that. Otherwise, if you want to have a hearing, we can have a hearing." Id. at 223. The defendant then decided to admit to the violation without a hearing. We ultimately

5

held, "while an evidentiary hearing is not required if the defendant admits to the probation violation, the lack of an evidentiary hearing in this case in light of the trial court's comment and the suspect quality of Sparks's admission constitutes fundamental error." Id. at 226. On rehearing, we emphasized, "as was well-explained in the opinion, Sparks's admission was suspect in light of the comment made by the trial court." Sparks v. State, 985 N.E.2d 1140, 1141 (Ind. Ct. App. 2013). We further clarified, "Our decision did not change established Indiana law that a probationer may admit to a probation violation and waive the right to a probation violation hearing." Id.

Unlike in Sparks, Gordy does not direct us to any "suspect" comments made by the trial court that could have influenced his decision to admit to a violation. Rather, after a thorough explanation of Gordy's due process rights, including his right to an evidentiary hearing, the trial court asked whether he admitted or denied the alleged violation; at no time did the trial court give any indication that it was inclined to accept the State's evidence or to suggest what penalty it might impose if Gordy admitted to the violation. Undoubtedly, there was some confusion as to precisely what Gordy wanted to admit. But it was clear from the outset that Gordy wanted to admit to a rules violation, and in the end, he unequivocally admitted that he violated work release rules by having at least eight hours of unaccounted-for time. Under these circumstances, the well-settled rule permitting a defendant to admit to a probation or community corrections violation and waive the right to an evidentiary hearing applied.[2]

---

[2] Gordy also seems to argue the trial court was required to enter a formal finding on the record that there was an adequate "factual basis" for his admission to violating community corrections rules before

## Conclusion

The manner in which the trial court revoked Gordy's placement in community corrections did not violate due process. We affirm.

Affirmed.

ROBB, J., and BROWN, J., concur.

---

proceeding to determine whether the violation warranted revocation. Gordy cites no authority for the proposition that the trial court was required to enter a formal finding in that manner. The bottom line here is that Gordy admitted to a violation, he then presented mitigating evidence and argument against revocation, and the trial court then entered a finding of a violation and that revocation was warranted.