## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 24 2016, 10:15 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Peter D. Todd
Elkhart, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Christian Duckworth,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

August 24, 2016

Court of Appeals Cause No.
20A03-1603-CR-695

Appeal from the Elkhart Superior Court

The Honorable Stephen R. Bowers, Judge

Trial Court Cause No.
20D02-1505-F4-21

**Barnes, Judge.**

# Case Summary

[1] Christian Duckworth appeals the revocation of his probation. We dismiss.

# Issue

[2] Duckworth raises one issue, which we restate as whether he was properly advised of his right to counsel.

# Facts

[3] In 2015, Duckworth pled guilty to Level 4 felony burglary, and he was sentenced to five years with one and one-half years in community corrections and three and one-half years suspended to probation. A notice of violation of community corrections was filed in November 2015, and Duckworth admitted to violating the terms of his placement. The trial court ordered him to serve thirty days in jail and return to community corrections. Another notice of violation was filed in December 2015, and Duckworth again admitted the violation. The trial court returned him to community corrections.

[4] In February 2016, a third violation was filed, alleging that Duckworth had used methamphetamine, marijuana, and amphetamine. At the initial hearing, Duckworth told the trial court that he would hire counsel, but at the March 2016 hearing regarding his violation, Duckworth proceeded pro se. Duckworth admitted that he had used drugs on multiple occasions, including methamphetamine, amphetamine, and marijuana, and that he had failed multiple drug tests. The trial court ordered Duckworth to serve the balance of his sentence in the Department of Correction. Duckworth now appeals.

# Analysis

Relying on *Hopper v. State*, 934 N.E.2d 1086 (Ind. 2010), *reh'g granted*, 957 N.E.2d 613 (Ind. 2011), Duckworth argues that he did not knowingly, voluntarily, and intelligently waive his right to counsel. However, we must first address the State's argument that Duckworth's appeal should be dismissed because the proper way to challenge the revocation of his probation is through a post-conviction relief proceeding, and not a direct appeal, which Duckworth employs in this case. We have held that a defendant who admits to a probation violation must challenge the revocation of probation via post-conviction relief petition and not via direct appeal. *Huffman v. State*, 822 N.E.2d 656, 660 (Ind. Ct. App. 2005). Indeed, Indiana Post-Conviction Rule 1(1)(a)(5) specifically allows a defendant to allege that his or her probation was "unlawfully revoked." As in *Huffman*, Duckworth admitted to violating his probation and cannot challenge the revocation on direct appeal. This issue is more properly presented by way of a petition for post-conviction relief.

# Conclusion

Duckworth cannot challenge the revocation of his probation on direct appeal given his admission that he violated his probation. We dismiss.

Dismissed.

Riley, J., and Bailey, J., concur.