## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 26 2016, 6:16 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Evan K. Hammond
Grant County Public Defender
Marion, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Micah Ormsby,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

August 26, 2016

Court of Appeals Cause No.
27A02-1511-CR-1965

Appeal from the Grant Superior Court

The Honorable Jeffrey Todd, Judge

Trial Court Cause No.
27D01-1209-FD-209

**Barnes, Judge.**

# Case Summary

Micah Ormsby appeals the trial court's decision revoking his probation following his admission that he violated his probation. We dismiss.

# Issue

Ormsby raises one issue, which we restate as whether the trial court abused its discretion by revoking Ormsby's probation based on Ormsby's admission that he violated his probation because of new criminal charges being filed against him in Florida.

# Facts

On April 12, 2013, pursuant to a written plea agreement, Ormsby pled guilty in Grant County to Class D felony domestic battery in the presence of a child. Ormsby was sentenced to three years with 180 days executed and the remainder suspended to supervised probation.

On August 12, 2013, the State filed a petition to revoke Ormsby's probation, alleging that he had violated the terms and conditions of his probation by committing a new crime of Class A misdemeanor false informing and by violating his curfew. On December 31, 2013, the State filed an amended petition to revoke probation. On July 22, 2014, Ormsby admitted to violating the conditions of his probation. The trial court ordered Ormsby to serve six months of his previously-suspended sentence and, upon completion of this term, ordered him to return to probation.

On August 18, 2015, the State filed a second Petition for Revocation of Probation alleging that, while on probation, Ormsby committed and was charged with the crimes of burglary of a conveyance and grand theft in Florida. On October 19, 2015, Ormsby admitted to violating his probation. Based on Ormsby's admission, the trial court revoked Ormsby's probation and ordered him to serve the remainder of his previously-suspended sentence in the Grant County Jail. Ormsby now appeals.

## Analysis

Ormsby argues that the trial court abused its discretion when it revoked his probation and ordered him to serve the remainder of his previously-suspended sentence. "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). "The trial court determines the conditions of probation and may revoke probation if the conditions are violated." *Id.*

Proof of a single violation of the conditions of a defendant's probation is sufficient to support a trial court's decision to revoke probation. *Hubbard v. State*, 683 N.E.2d 618, 622 (Ind. Ct. App. 1997). Upon a finding of a probation violation, a trial court may: (1) continue the person on probation, with or without modifying or enlarging the conditions; (2) extend the person's probationary period for not more than one year beyond the original probationary period; and (3) order execution of all or part of the sentence that was suspended at the time of initial sentencing. Ind. Code § 35-38-2-3(g). "If

there is substantial evidence of probative value to support the trial court's conclusion that a probationer has violated any condition of probation, we will affirm its decision to revoke probation." *Braxton v. State*, 651 N.E.2d 268, 270 (Ind. 1995).

[8]     We first address the State's argument that Ormsby's appeal should be dismissed because the proper way to challenge the revocation of his probation is by a post-conviction relief proceeding, and not a direct appeal, which Ormsby employs in this case. "[Under] Indiana law an error premised upon a guilty plea must be brought by a petition for post-conviction relief." *Huffman v. State*, 822 N.E.2d 656, 660 (Ind. Ct. App. 2005). In *Huffman*, we dismissed an appeal challenging a probation revocation after the defendant pled guilty to a violation. *Id*.

[9]     Ormsby specifically contends that, although he admitted to violating the terms of his probation based on new criminal charges being filed against him in Florida, he did not admit that he committed those offenses. During Ormsby's hearing on a petition of revocation, Ormsby admitted twice to violating his probation.

> The Court: You're going to admit that you violated the terms of
> your probation but you have no agreement as to the disposition
> or sentence. Is that right?
>
> The Defendant: Yes your Honor.

Tr. p. 5

> The Court: Okay. And, uh, you're admitting that you have, in fact, violated the terms of your probation here today. Correct?
>
> The Defendant: Yes your Honor.

*Id*. at 9.

As in *Huffman*, Ormsby admitted to violating his probation and cannot challenge the revocation on direct appeal. This issue is more properly presented by way of a petition for post-conviction relief.

## Conclusion

Ormsby cannot challenge the revocation of his probation on direct appeal given his admission that he violated his probation. We dismiss.

Dismissed.

Vaidik, C.J., and Mathias, J., concur.