

FILED

Mar 06 2020, 8:52 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Chad A. Montgomery
Montgomery Law Office, LLC
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tiffany A. McCoy
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Aaron B. Hoskins, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | March 6, 2020 <br><br> Court of Appeals Case No. <br> 19A-CR-2387 <br><br> Appeal from the Warren Circuit <br> Court <br><br> The Honorable Hunter J. Reece, <br> Judge <br><br> Trial Court Cause Nos. <br> 86C01-1606-F6-21 <br> 86C01-1704-CM-39 <br> 86C01-1909-F6-79 |

**Mathias, Judge.**

[1] Aaron B. Hoskins ("Hoskins") appeals his conviction for Level 6 felony unlawful possession of a syringe in Cause No. 86C01-1909-F6-79 ("Cause No. F6-79") and the revocation of his probation in Cause Nos. 86C01-1606-F6-21 ("Cause No. F6-21") and 86C01-1704-CM-39 ("Cause No. CM-39"). On

appeal, Hoskins argues that he did not knowingly and intelligently waive his right to counsel. Because Hoskins pleaded guilty, his claim cannot be raised on direct appeal and instead must be presented in a petition for post-conviction relief. We therefore dismiss Hoskins's appeal.

## Facts and Procedural History

[2] On June 2, 2016, the State charged Hoskins in Cause No. F6-21 with Level 6 felony failure to return to lawful detention. On April 5, 2017, the State charged Hoskins in Cause No. CM-39 with Class B misdemeanor criminal mischief. Hoskins pleaded guilty in both of these causes on October 25, 2018, and was sentenced to 180 days of home detention and 719 days of probation.

[3] On August 21, 2019, the State filed a petition to revoke Hoskins's probation in the above causes, alleging that he had submitted a urine sample that tested positive for methamphetamine and amphetamine. The State filed an amended petition to revoke on September 12, 2019, alleging that Hoskins had been found in possession of a syringe and an alcoholic beverage and also had failed to report to probation as required. Then, on September 20, 2019, the State charged Hoskins with Level 6 felony unlawful possession of a syringe in Cause No. F6-79.

[4] The trial court held an initial hearing in all of the above causes on September 23, 2019. At this hearing, Hoskins stated that he was not under the influence of alcohol or any other drugs, that he spoke and understood the English language, and that he had graduated from high school. He also confirmed that he had

read, signed, and understood the advisement of rights form given to him and that he understood the possible penalties he was facing. The trial court then advised Hoskins of his constitutional rights, including the right to a speedy and public trial by jury, the presumption of innocence and the burden of the State to prove his guilt beyond a reasonable doubt, the right to confront witnesses against him, the right to procure witnesses on his behalf, the right to remain silent, and the right to testify. The trial court also advised Hoskins that:

> You have the right to be represented by an attorney at each and every stage in the prosecution and throughout an appeal. If you desire an attorney but you can't afford one the Court would appoint one for you at county expense. You have the right to appeal any guilty plea, verdict or sentence that may be imposed by the Court and to be represented by an attorney throughout the stages of an appeal. If you desired an attorney at the time of your appeal and could not afford one the Court would appoint one for you at county expense to assist you in your appeal.

Tr. p 4. Hoskins indicated that he understood these rights.

Regarding representation by counsel, the following exchange between Hoskins and the trial court took place:

> THE COURT: Alright, so with respect to the petitions to revoke probation and the, well let's begin first with the new criminal case. With respect to the new criminal case, do you intend to represent yourself on that matter, either trying to reach a resolution with the Prosecutor or presenting your case directly to the Court or do you intend to be represented by an attorney?

DEFENDANT: Um, I would like to see about resolving it with the Prosecutor and see about doing house arrest or um work release on both of them.

THE COURT: Alright, and is that the, your same intent on the petitions to revoke probation?

DEFENDANT: Yes sir.

THE COURT: Now you had initially on the petitions to revoke probation hired [private counsel] to represent you. Did his representation end in that case?

DEFENDANT: I assume, I don't know.

THE COURT: Are you still paying him to represent you?

DEFENDANT: No sir.

THE COURT: Alright, do you want me to show his appointment concluded then?

DEFENDANT: Yeah, I don't need him, that's fine.

THE COURT: Alright, so we will show the appointment of [private counsel] terminated on Defendant's request at this time. If you hire him and he starts appearing for you again we can always add him back into the case, but for right now we will show that you are going to represent yourself in both cases and try to negotiate a resolution with the Prosecutor and probation. We will take a short recess on your case, we have got another matter to take up and that will give the Prosecutor and probation a chance to talk to you and see if they can reach a resolution. I will advise you, you don't have to reach any agreement with the Prosecutor, you can reject her offer, you can make a counter offer, provide any facts that are helpful to your case, um, you can reject her offer completely and present your arguments here in open Court, maybe I will do what she wants, maybe I will do what you want, maybe I will do something neither of you want or you can change your mind altogether and request an attorney.

> If you cannot afford one you can ask me to appoint one for you, but if you do reach an agreement we should be able to wrap your case up today, ok?

*Id.* at 6–7. The court then recessed to permit Hoskins, pro se, to negotiate with the prosecuting attorney.

[6] When the trial court resumed the hearing, Hoskins indicated that he been unable to reach an agreement with the State and that he wanted to "leave it up to" the trial court. *Id.* at 7. The court clarified, "So you are going to plead open and leave it all up to me?" *Id.* Hoskins replied, "Yes sir." *Id.* The court reiterated that Hoskins had numerous constitutional rights, including the right to counsel and that, by pleading guilty, he would waive these rights. Hoskins indicated that he understood this. *See id.* at 9–10. Hoskins then admitted to the facts alleged in the petitions to revoke and the charging information. The trial court found that there was an adequate factual basis to support Hoskins's pleas, found that Hoskins had violated the terms of his probation in Cause Nos. F6-79 and CM-39, and found him guilty in Cause No. F6-21. The trial court sentenced Hoskins to 730 days in Cause No. F6-21. The trial court revoked Hoskins's probation in Cause No. F6-79 and ordered him to serve 730 days. The trial court extended Hoskins's probation in Cause No. CM-39 by one year. The trial court also declared Hoskins eligible for the purposeful incarceration program. Hoskins now appeals.

# Discussion and Decision

[7]    Hoskins claims that he did not knowingly or intelligently waive his right to counsel. The State argues that Hoskins cannot bring this claim on direct appeal because he pleaded guilty. We agree with the State.

[8]    As we explained in *Creekmore v. State*:

> With limited exceptions, "a conviction based upon a guilty plea may not be challenged by . . . direct appeal." *Tumulty v. State*, 666 N.E.2d 394, 395 (Ind. 1996). The correct avenue for presenting such claims is post-conviction relief. *Brightman v. State*, 758 N.E.2d 41 (Ind. 2001). Two exceptions to the prohibition on challenging a guilty plea on direct appeal have been recognized. First, a person who pleads guilty is entitled to contest on direct appeal the merits of a trial court's sentencing decision where the trial court exercised sentencing discretion. *Collins v. State*, 817 N.E.2d 230 (Ind. 2004). Further, a person who pleads guilty is entitled to contest on direct appeal the trial court's discretion in denying withdrawal of the guilty plea prior to sentencing. *Brightman v. State*, 758 N.E.2d [at] 41.

853 N.E.2d 523, 532–33 (Ind. Ct. App. 2006), *clarified on denial of reh'g*, 858 N.E.2d 230; *see also Huffman v. State*, 822 N.E.2d 656, 660 (Ind. Ct. App. 2005) (applying *Tumulty* to defendant who pleaded guilty to probation violation then attacked validity of her plea on direct appeal); Ind. Post-Conviction Rule 1(a)(5) ("[a]ny person who has been convicted of, or sentenced for, a crime by a court of this state, and who claims . . . that . . . his probation, parole or conditional release [was] unlawfully revoked . . . may institute at any time a proceeding under this Rule to secure relief.").

[9] In *Creekmore*, the defendant pleaded guilty and claimed on direct appeal that he did not knowingly or intelligently waive his right to counsel. We concluded that "[t]he issue of whether Creekmore knowingly, voluntarily, and intelligently waived his right to counsel should be pursued by filing a petition for post-conviction relief." *Creekmore*, 853 N.E.2d at 533. We therefore dismissed Creekmore's appeal as to this issue.[1] *Id.*

[10] We reached the same conclusion in *Crain v. State*, 875 N.E.2d 446 (Ind. Ct. App. 2007). In that case, the defendant pleaded guilty and argued on direct appeal that his waiver of the right to counsel was not valid because the trial court did not sufficiently advise him of the advantages of being represented. We held that Crain's argument regarding the waiver of his right to counsel must be presented in a petition for post-conviction relief, not on direct appeal. *Id.* at 447 (citing *Creekmore*, 853 N.E.2d at 532). Because this was the only issue Crain raised on appeal, we dismissed. *Id.*

[11] The same result obtains here. Hoskins pleaded guilty to both the new criminal offense and to the probation violations. His argument on appeal regarding his waiver of the right to counsel attacks not the trial court's sentencing discretion, but the validity of his plea. His claim must therefore be presented by way of a petition for post-conviction relief. *See Tumulty*, 666 N.E.2d at 395–96; *Crain*, 875 N.E.2d at 447; *Creekmore*, 853 N.E.2d at 532–33. *Cf. Stamper v. State*, 809

---

[1] *Creekmore* also challenged the trial court's sentencing decision in a number of ways, which arguments we addressed on the merits. *Id.* at 527–32.

N.E.2d 352, 354 (Ind. Ct. App. 2004) (holding that defendant who pleaded guilty could present a claim on direct appeal that he did not knowingly or intelligently waive his right to counsel at the sentencing hearing because this claim was an indirect attack on the trial court's sentence and did not attack the validity of the guilty plea), *disagreed with on other grounds by Henley v. State*, 881 N.E.2d 639, 647 n.6 (Ind. 2008).

## Conclusion

[12] Because Hoskins's claim cannot be presented on direct appeal and must instead be presented in a petition for post-conviction relief, we dismiss this appeal without prejudice as to his ability to present this claim in a petition for post-conviction relief. *See Huffman*, 822 N.E.2d at 660 (holding that defendant who pleaded guilty to a probation violation could not raise claims on direct appeal attacking the validity of the plea and dismissing without prejudice as to her right to raise these issues in a subsequent post-conviction proceeding).

[13] Dismissed.

Kirsch, J., and Bailey, J., concur.