## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 19 2020, 9:35 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Erin L. Berger
Evansville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Evan Matthew Comer
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

John Reynolds,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

June 19, 2020

Court of Appeals Case No.
19A-CR-2882

Appeal from the Posey Circuit Court

The Honorable Craig S. Goedde, Judge

Trial Court Cause Nos.
65C01-1811-F5-483
65C01-1904-CM-156

**Brown, Judge.**

[1] John Reynolds appeals his convictions and sentence for possession of methamphetamine as a level 5 felony, maintaining a common nuisance as a level 6 felony, unlawful possession of a syringe as a level 6 felony, possession of marijuana as a class A misdemeanor, possession of paraphernalia as a class C misdemeanor, resisting law enforcement as a class A misdemeanor, and possession of marijuana as a class B misdemeanor. He asserts the trial court erred in accepting his guilty plea and his sentence is inappropriate. We affirm.

*Facts and Procedural History*

[2] On November 3, 2018, Reynolds possessed methamphetamine, pure or adulterated, having a weight of less than five grams. He maintained a building or structure for the unlawful use, manufacture, keeping, sale, or delivery of controlled substances or items of drug paraphernalia. He possessed a hypodermic syringe or needle with the intent to introduce a controlled substance into his body. He also possessed marijuana and an instrument, device, or object, that being straws, pipes, and/or grinders, with the intent to introduce a controlled substance into his body. On April 11, 2019, Reynolds possessed marijuana and resisted, obstructed, or interfered with Indiana State Police Officer Russell Werkmeister while he was engaged in his duties as a law enforcement officer.

[3] On November 5, 2018, the State charged Reynolds under cause number 65C01-1811-F5-483 ("Cause No. 483") with: Count I, possession of methamphetamine as a level 5 felony; Count II, maintaining a common nuisance as a level 6 felony; Count III, unlawful possession of a syringe as a level 6 felony; Count

IV, possession of marijuana as a class A misdemeanor; and Count V, possession of paraphernalia as a class C misdemeanor. On April 15, 2019, the State charged Reynolds under cause number 65C01-1904-CM-156 ("Cause No. 156") with: Count I, resisting law enforcement as a class A misdemeanor; and Count II, possession of marijuana as a class B misdemeanor.

[4] On October 22, 2019, the court held a hearing in Cause Nos. 483 and 156. Reynolds's counsel indicated Reynolds wished to plead guilty without a recommendation from the State. Reynolds answered affirmatively when asked by the court if he intended to plead guilty without a recommendation. He pled guilty as charged and the court found that a factual basis existed.

[5] On November 19, 2019, the court held a sentencing hearing. Under Cause Nos. 483 and 156, it found that Reynolds pled guilty as a mitigating factor and found his extensive criminal history and that he committed the present offenses while on bond as aggravating factors. Under Cause No. 483, the court sentenced Reynolds to five years for Count I, two years for Count II, two years for Count III, one year for Count IV, and sixty days for Count V. The court ordered that the sentences run concurrent with each other and consecutive to the sentence in Cause No. 156. Under Cause No. 156, the court sentenced Reynolds to one year for Count I and 180 days for Count II and ordered the sentences to be served concurrent with each other.

## *Discussion*

Reynolds argues that his statements at the guilty plea hearing fail to establish his guilt and that he merely pled guilty because he was angry and frustrated by the process and the offer made by the State in its sentencing recommendation. The State argues that Reynolds forfeited any challenge to his underlying convictions on direct appeal because he pled guilty.

Because Reynolds pled guilty, he cannot challenge the propriety of his convictions on direct appeal. *See Hayes v. State*, 906 N.E.2d 819, 820-821 (Ind. 2009) (observing that the defendant submitted an "open" guilty plea and holding that "he did not (and under *Tumulty v. State*, [666 N.E.2d 394 (Ind. 1996),] could not), appeal his convictions") (footnote omitted); *Collins v. State*, 817 N.E.2d 230, 231 (Ind. 2004) ("A person who pleads guilty is not permitted to challenge the propriety of that conviction on direct appeal."); *Tumulty*, 666 N.E.2d at 395 (observing that the defendant told the trial court he wished to plead guilty to all counts and replied affirmatively when the trial court asked if he was leaving sentencing up to the court, and holding that "[o]ne consequence of pleading guilty is restriction of the ability to challenge the conviction on direct appeal"). Rather, the appropriate forum is post-conviction relief. *See Hall v. State*, 849 N.E.2d 466, 472 (Ind. 2006) ("[B]ecause a conviction imposed as a result of a guilty plea is not an issue that is available to a defendant on direct appeal, any challenge to a conviction thus imposed must be made through the procedure afforded by the Indiana Rules of Procedure for Post-Conviction Remedies."); *Tumulty*, 666 N.E.2d at 396 (holding that post-conviction relief

was exactly the vehicle for pursuing the defendant's claim). Accordingly, we dismiss Reynolds's appeal as it relates to his challenge of his convictions. *See Crain v. State*, 875 N.E.2d 446, 447 (Ind. Ct. App. 2007) (dismissing defendant's appeal because his claim must be brought through a petition for post-conviction relief).

[8] We next turn to whether Reynolds's sentence is inappropriate in light of the nature of the offenses and his character. Reynolds argues that his sentence is inappropriate because he pled guilty and is a seventy-year-old man with health conditions.

[9] Ind. Appellate Rule 7(B) provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[10] Ind. Code § 35-50-2-6 provides that a person who commits a level 5 felony shall be imprisoned for a fixed term of between one and six years, with the advisory sentence being three years. Ind. Code § 35-50-2-7 provides that a person who commits a level 6 felony shall be imprisoned for a fixed term of between six months and two and one-half years, with the advisory sentence being one year. A person who commits a class A misdemeanor shall be imprisoned for a fixed term of not more than one year. Ind. Code § 35-50-3-2. A person who commits

a class B misdemeanor shall be imprisoned for a fixed term of not more than 180 days. Ind. Code § 35-50-3-3. A person who commits a class C misdemeanor shall be imprisoned for a fixed term of not more than sixty days. Ind. Code § 35-50-3-4.

[11] Our review of the nature of the offenses reveals that Reynolds maintained a building or structure for the unlawful use, manufacture, keeping, sale, or delivery of controlled substances or items of drug paraphernalia. He possessed: methamphetamine, pure or adulterated, having a weight of less than five grams; a hypodermic syringe or needle with the intent to introduce a controlled substance into his body; marijuana; and an instrument, device, or object, that being straws, pipes, and/or grinders, with the intent to introduce a controlled substance into his body. He also possessed marijuana and resisted, obstructed, or interfered with Indiana State Police Officer Werkmeister while he was engaged in his duties as a law enforcement officer.

[12] Our review of the character of the offender reveals that Reynolds pled guilty as charged. The presentence investigation report ("PSI") reveals that Reynolds was born in 1948, suffers from a nerve issue that causes facial pain, had back surgery in 2014 which did not resolve the problem, still is in pain, and suffered head trauma when he was eight years old resulting in a lack of grip strength in his left hand. As a juvenile, Reynolds received his first charge in 1964 at the age of fifteen "when he was charged with a misdemeanor and a felony, and was ultimately sentenced to serve time in Juvenile Hall." Appellant's Appendix Volume II at 115. During the next two years, Reynolds "received two

additional misdemeanor charges and three additional felony charges." *Id.* According to the PSI, as an adult, Reynolds had been convicted of second degree murder and "an additional eight felonies (five of his prior felony charges have unknown outcomes, so he potentially has up to thirteen prior felony convictions)." *Id.* He has "one known prior misdemeanor conviction and three misdemeanor charges with unknown outcomes." *Id.* The PSI indicates he had previously been sentenced to probation on three occasions and revoked once, and has been on parole three times and "committed a new offense while out on bond in this case." *Id.* at 116. The PSI also indicates that Reynolds stated he first tried methamphetamine at the age of twenty, stated that he used it on a regular basis prior to his incarceration in 2003, and denied using it on a regular basis since he was released in 2014. The PSI further provides that Reynolds's overall risk assessment score using the Indiana Risk Assessment System places him in the very high risk to reoffend category.

[13] After due consideration, we conclude that Reynolds has not sustained his burden of establishing that his aggregate sentence of six years for his seven convictions is inappropriate in light of the nature of the offenses and his character.

[14] For the foregoing reasons, we affirm Reynolds's sentence.

[15] Affirmed.

Najam, J., and Kirsch, J., concur.